UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORGE A. HERNANDEZ,**<br>　　　　**Petitioner,**<br>　　v.<br><br>**S. FRAUENHEIM, Warden,**<br>　　　　**Respondent.**<br>_____ | ) NO. CV 19-10892-AB (KS)<br>)<br>)<br>) **ORDER ACCEPTING FINDINGS AND**<br>) **RECOMMENDATIONS OF UNITED**<br>) **STATES MAGISTRATE JUDGE**<br>)<br>)<br>) |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has raised objections ("Objections"). For the reasons below, Petitioner's Objections are overruled.

　　　　First, Petitioner objects that he was not afforded adequate translation services during his trial. (Objections at 3.) For the first time in his Objections, Petitioner alleges that the translation services were inadequate because the interpreter sat at the back of the courtroom, rather than at the defense table. (*Id*.) Because Petitioner is raising this factual allegation for

1

the first time in his Objections, the Court is not required to consider it. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000). In any event, the alleged placement of the translator at the back of the courtroom would not change the conclusion that Petitioner is not entitled to habeas relief. The Supreme Court has never clearly held that a criminal defendant has a constitutional right to a court-appointed interpreter. (Report at 15.) Moreover, even under Ninth Circuit authority, Petitioner's claim would fail because he identifies nowhere in the record where he objected to the placement of the interpreter in the courtroom. (*Id*. at 17.)

Second, Petitioner objects that his counsel was ineffective for failing to present mitigating evidence at sentencing, specifically, Petitioner's lack of a significant criminal record. (Objections at 4.) Petitioner's objection fails to demonstrate prejudice under the *Strickland* standard. The record shows that the trial court did consider Petitioner's lack of a criminal record but found it outweighed by several aggravating circumstances. (Report at 22.) It therefore was not reasonably probable that, but for counsel's alleged failure to present information to the trial court that was already before it, Petitioner would have received a different sentence. *See Daire v. Lattimore*, 818 F.3d 454, 466 (9th Cir. 2016) (petitioner must demonstrate a reasonable probability that submission of the additional evidence would have resulted in a successful sentencing motion and a concomitantly reduced sentence).

**ORDER**

IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: March 09, 2021

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE